Honolulu, July 8, 1886.

---

### JAMES R. HOLT *vs.* JOHN BRODIE.

EXCEPTIONS TO REFUSAL OF THE CHIEF JUSTICE TO GRANT A NEW TRIAL.

OCTOBER TERM, 1886.

JUDD, C. J.; MCCULLY AND PRESTON, JJ.

After a verdict for plaintiff, a servant of plaintiff provided a lunch for some of the jurors who rendered the verdict, but plaintiff was not a party to it: held, no reason for granting a new trial.

Exceptions overruled.

OPINION OF THE COURT, BY PRESTON, J.

This is an action of replevin, and was tried at the last July Term before the Chief Justice and a mixed jury when a verdict was found for the plaintiff.

The defendant at the same time moved for a new trial on the ground :

"That plaintiff attempted to exercise and did exercise an improper influence over the jury in the said trial, as was shown by his brother, William Holt, (who was also a witness on said trial) treating them to a dinner at the close of said trial."

Supposing the facts alleged in the motion were true, they do not, in our opinion, disclose any ground for setting aside the verdict, and the motion might have been refused on that ground alone.

But affidavits were filed by both parties the effect of which is stated by the Chief Justice in his opinion as follows :

"I find that when the Holt and Brodie case was concluded, one

Bill Perry, a 'cowboy' of Holt's, who had been a witness in his case, applied to his employer just after the verdict was rendered for some money to buy fish for a dinner and for liquor for himself and other witnesses, who were then staying at William Holt's, plaintiff's brother. Money was given to buy fish, and gin was provided.

One of the jurymen (J. Kapou) standing about the Court House, said he was hungry, and Perry invited him and several other jurors (two of whom had heard the case) to come along with him and get something to eat.

They went to William Holt's house and there had a dinner of fish, poi and gin."

The Chief Justice found, and we agree with him, that the affidavits fail to disclose any thing to connect the successful plaintiff with this entertainment. The motion for a new trial was denied and exception was taken to such denial.

The exceptions were argued at this present term by W. A. Whiting for the defendant and W. A. Kinney for the plaintiff.

On behalf of the defendant it was argued that there was such misconduct on the part of the jury as to produce the presumption that some of the jurors had been unduly and improperly influenced, and that it might be fairly inferred the jury had been tampered with and that the defendant did not have an impartial jury nor an impartial trial.

### By the Court.

The presumption of honesty and impartiality in the discharge of public duties is so strong that it must be disproved by countervailing evidence, and the contrary cannot be inferred.

If it had been proved that the plaintiff, or any one to his knowledge, or with his sanction, had entertained these jurors before verdict rendered, a new trial would have been granted. Even had this entertainment been given by the plaintiff, although such a practice should be discouraged, we do not think a new trial should be granted. It is clear that he was not a party to it, and cannot be deprived of the benefit of the verdict in his favor.

We know of no case where a similar point had arisen except *Harrison vs. Rowan*, 4 Wash. C. C. 32, where a successful plaintiff

provided a breakfast for the jury after verdict, and for which a new trial was refused.

The exceptions are therefore overruled with costs.

*Kinney & Peterson*, for plaintiff.

*W. A. Whiting & A. C. Smith*, for defendant.

Honolulu, October 25, 1886.